IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-40870
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SHANE EUGENE RUSHING

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CR-160-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Shane Eugene Rushing appeal his conviction for being a felon in possession of a firearm. Rushing argues that the district court erred in denying his motion to suppress the evidence because the officers' warrantless entry of the residence Rushing shared with his father violated his Fourth Amendment rights under Georgia v. Randolph, 547 U.S. 103 (2006). Rushing also contends that the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence was insufficient to show he had actual or constructive possession of the shotgun found in the residence.

In Randolph, the Supreme Court established a rule "that a physically present inhabitant's express refusal of consent to a police search is dispositive as to him, regardless of the consent of the fellow occupant." 547 U.S. at 122-23. Because the district court found that Rushing did not refuse entry to the officers, Randolph is inapplicable to the instant case. See Randolph, 547 U.S. at 120-23. The consent of Rushing's father was sufficient to justify the warrantless entry of the residence. See Scheckloth v. Bustamonte, 412 U.S. 218, 219 (1973).

Rushing's challenge to the sufficiency of the evidence is also without merit. Officer O'Dell McDuffie testified that Rushing grabbed the shotgun, thus placing him in actual possession of the firearm. Rushing provided a statement to the officers that he owned the shotgun. Rushing's father testified that Rushing brought the shotgun to the house when he moved into the residence. Additionally, Rushing was found in possession of ammunition for the shotgun. Although Rushing testified that he did not touch the shotgun and that it did not belong to him, the district court rejected this testimony as not credible. Credibility determinations are "resolved in favor of the verdict." United States v. Resio-Trejo, 45 F.3d 907, 911 (5th Cir. 1995). Thus, a reasonable trier of fact could have found Rushing guilty beyond a reasonable doubt. See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000).

Accordingly, the judgment of the district court is AFFIRMED.